UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY JANE FISHER,<br><br>         Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>         Defendant. | Case No.: 3:17-cv-1850-L-AGS<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF No. 14]** |

Pending before the Court is Defendant United States' ("Defendant") motion for summary judgment. ECF No. 14. Pursuant to Civil Local Rule 7.1(d)(1), the Court decides the matter on the papers submitted and without oral argument. For the reasons stated below, the Court **GRANTS** Defendant's motion.

**I. BACKGROUND**

This Federal Tort Claims Act ("FTCA") case arises out of a February 12, 2015 incident where Plaintiff Mary Jane Fisher ("Fisher") was assaulted and battered by Brenda Olsen ("Olsen"), a former employee of the Department of Veterans Affairs ("VA"). At the time, Olsen was a Vocational Rehabilitation Counselor for Plaintiff, a military veteran, at Mira Costa College. Olsen started her career at the VA in 2002 and retired in June 2015 amid pending termination. In the later years of her employment, Linda Raffigone supervised Olsen. Olsen was disciplined by her supervisors at the VA for at least three

1

separate incidents of misconduct (two written counselings on July 8, 2010, and May 21, 2013 and a five-day suspension for fraudulently certifying VA Form 28-1905) prior to the February 12, 2015 incident.

On August 27, 2017, Plaintiff filed her Complaint under the FTCA alleging that the VA was negligent in the hiring, supervision, and retention of Olsen. Plaintiff also alleged that the VA's negligence was a substantial factor in causing the injuries that she suffered due to Olsen assaulting her on February 12, 2015.

## II. LEGAL STANDARD

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322–23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

"[T]he district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001). Therefore, the court is not obligated "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (*citing Richards v.*

*Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir. 1995). If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Elect. Indus. Co., Ltd. v Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the nonmoving party must "go beyond the pleadings" and by "the depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ P. 56(e)).

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita*, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

### III. DISCUSSION

Defendant asserts a single contention in its motion: the discretionary function exception to the FTCA bars Plaintiff's claim. The Court agrees with that contention.

Under 28 U.S.C. § 2680(a), an FTCA claim is waived when based on a discretionary function of an employee of the Government "whether or not the discretion involved [is] abused." The FTCA's discretionary function exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). Courts enlist a two-pronged test to determine whether the discretionary function exception bars a particular claim. *Alfrey c. United States*, 276 F.3d 557, 561 (9th Cir. 2002). First, the court must define "whether the challenged conduct is discretionary, that is whether it 'involv[es] an element of judgment

or choice.'" *Id*. (quoting *Fang v. United States*, 140 F.3d 1238, 1241 (9th Cir. 1998)) (alteration in original). "This element is not met 'when a federal statute, regulation or policy specifically prescribes a course of action for an employee to follow.'" *Id.* (quoting *Fang*, 140 F.3d at 1241). Second, if the conduct proves discretionary, "the court "must determine whether that judgment is of the kind that the discretionary function was designed to shield." *Id.* (quoting *Berkovitz*, 486, U.S. at 536). "[O]nly governmental actions and decisions based on considerations of public policy" are protected by the discretionary function exception. *Berkovitz*, 486 U.S. at 537. "It is not necessary for the government to prove a conscious decision based on a policy analysis." *Weissich v. United States*, 4 F.3d 810, 813 (9th Cir. 1993). "It is enough that the choice is one to which a policy analysis may apply." *Id.* A court must dismiss a claim for lack of subject matter jurisdiction if the discretionary function exception applies to the claim. *Bibeau v. Pac. Nw. Research Found. Inc.*, 339 F.3d 942, 945 (9th Cir. 2003).

Linda Raffigone exercised discretion in the supervision, discipline, and retention of Brenda Olsen. Raffigone's disciplinary decisions in response to Olsen's misconduct during Olsen's tenure at the VA involved an element of judgment as she testified that the table of penalties within the Employee/Management Relations did not mandate certain outcomes but acted more as a guideline to possible penalties. *See* ECF No. 14-5. Moreover, it is undisputed that "[t]here are no federal statutes, regulations or policies that specifically prescribed a course of action to be followed by the VA with regard to the hiring, supervision or retention of Brenda Olsen." ECF No. 18. Accordingly, the challenged conduct is discretionary.

In the Ninth Circuit, employment-related decisions by governmental agencies generally fall under the discretionary function exception. *See Doe v. Holy See*, 557 F.3d 1066, 1084 (9th Cir. 2009) (finding that "the decision of whether and how to retain and supervise an employee [is] the type of discretionary judgment that the [discretionary function exception] was designed to protect]); *Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000) (finding that negligent and reckless employment, supervision, and training

of United States personnel "falls squarely within the discretionary function exception"); *Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000) (holding that the discretionary function exception applies to the negligent hiring, training, and supervision of an agent for the Immigration and Naturalization Service [INS]); *Gager v. United States*, 149 F.3d 918, 921 (9th Cir. 1998) (applying the discretionary function exception to training and supervision of Postal employees). Therefore, the VA's decisions with regard to hiring, supervision, and retention of Olsen falls squarely within the discretionary function exception.

Since the discretionary function exception applies to the sole claim for relief here, the Court dismisses the entire claim for lack of subject matter jurisdiction.

### IV. CONCLUSION & ORDER

For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED.** The Clerk of the Court is instructed to close this case upon entry of this order.

**IT IS SO ORDERED.**

Dated: February 4, 2019

Hon. M. James Lorenz
United States District Judge